J. W. (DOC) BIGHAM, JR., v. THE STATE.

No. 19477.   Delivered March 3, 1938.

The option states the case.

*Myres & Myres,* of Fort Worth, for appellant.

*R. L. Crosier,* County Attorney, of Godley, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The offense charged was a violation of the local option law, the punishment assessed being a fine of $100.00 and sixty days in the county jail.

It seems that appellant was running a filling station just outside the city limits of Cleburne in Johnson County; that appellant and his wife had living quarters immediately back of the front room of this station. The sheriff of that county made a search of such premises, under a search warrant, on June 5, 1937, and he testified that he secured about a case of beer. There were four or five or six men there at the place of business at the time, and one of the men was about half drunk. Part of the beer was in the ice box,—in a coca-cola box iced down. In other words, he had about a case of beer on ice already cold. That was at the filling station operated by appellant. In the barn at such place was a large quantity of bottles, fruit jars, that might be useful in the possession of intoxicating liquors for the purpose of sale.

We note, however, that the State,—after it had introduced its testimony relative to this beer and the findings as above set out,—introduced a search warrant of date July 30, 1937, which was executed the 31st day of July, 1937, which was after the information therein declared upon was filed, upon which Sheriff Hickman testified he made a second search of appellant's place of business, when the defendant was not present, but that he saw defendant's wife washing out a fruit jar in the sink, and that he picked up such fruit jar and smelled it and it smelled like it had contained whisky. We can see no reason for the introduction of this testimony concerning matters which took place practically two months after the offense for which the appellant was tried in this cause occurred. The complaint and information charge him with possessing, for the purpose of sale, liquor, to-wit: beer, on the 5th day of June, A. D. 1937, and he was convicted of that offense.

The appellant's objection to the introduction of this testimony is properly preserved and brought before us in his bill of exception No. 2. It seems to us that this testimony was too remote, and served to elucidate no matter inquired about at the time laid in the complaint and information. That it was doubtless injurious to the appellant may be reflected from the verdict of the jury, which gave him a fine of $100.00 and sixty days in the county jail. Under the circumstances we think the error is of sufficient importance to cause a reversal of this cause.

The judgment therefore is reversed and the cause remanded.